1236-710

Vincent M. DeOrchis
DeORCHIS & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendants
ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC.;
ZIM INTEGRATED SHIPPING SERVICES LTD.;
ZIM CONTAINER SERVICE; ZIM LINES;
M/V "ZIM EMIRATES WATS", her engines, tackle, boilers, etc.;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF            ECF CASE
NORTH AMERICA

                Plaintiff,                                           08 Civ. 4416

       -against-

ZIM AMERICAN INTEGRATED SHIPPING                    ANSWER
SERVICES COMPANY, INC.; ZIM
INTEGRATED SHIPPING SERVICES LTD.;
ZIM CONTAINER SERVICE; ZIM LINES;
GLOVIS CO., LTD; M/V "ZIM EMIRATES
WATS", her engines, tackle, boilers, etc.;

                Defendants.
------------------------------------------------------------X

      Defendants ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC.; ZIM INTEGRATED SHIPPING SERVICES LTD.; ZIM CONTAINER SERVICE; ZIM LINES; M/V "ZIM EMIRATES WATS", her engines, tackle, boilers, etc.; (referred to collectively as "Defendant Zim"), by their attorneys, DeOrchis & Partners, in answering Plaintiff's Complaint, allege upon information and belief as follows:

1.  Admit that this action involves an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Admit that the captioned defendants ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, and ZIM INTEGRATED SHIPPING SERVICES LTD., are believed to be corporations organized under the laws of, and with their principal places of business in, foreign sovereigns or certain of the fifty states other than Pennsylvania. Admit that upon information and belief, defendant ZIM INTEGRATED SHIPPING SERVICES LTD. Is engaged in the business of common carrier and/or the provision of services related to such activity, and conducts such business with respect to shipments to, from, and within the State of New York and the United States as a whole within the meaning of and pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure, but except as so specifically admitted, deny each and every other allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.  Deny each and every allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.  Admit that there was a shipment of automobile parts, which moved, or was intended to move, in container CLHU4196254 aboard the M/V "ZIM EMIRATES WATS," Voyage 726, from Busan, Korea, to Mobile, Alabama, as described more fully in Zim Integrated Shipping Services Ltd. Bill of lading ZIMUSEL1251299, dated on or about July 3,

2007, but except as so specifically admitted, deny each and every other allegation contained in Paragraph 5 of Plaintiff's Complaint.

6. Deny each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Deny each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8. Deny each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
SET FORTH IN THE COMPLAINT, DEFENDANTS
ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC.; ZIM INTEGRATED SHIPPING SERVICES LTD.; ZIM CONTAINER SERVICE; ZIM LINS; GLOVIS CO., LTD; M/V "ZIM EMIRATES WATS", her engines, tackle, boilers, etc.;
<u>ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:</u>

*<u>First Affirmative Defense</u>*

9. That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in (a) certain (bill)s of lading then and there issued, by which the shippers and consignees of said bill(s) of lading agree to be and are bound.

Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill(s) of lading.

Any shortage, loss and/or damage to the shipment in suit which Defendants specifically deny was due to causes for which the Defendants are not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill(s) of lading, charterparty and/or the General Maritime

Law and/or applicable foreign law, and the tariff terms of the Port Terminal in Mobile, Alabama.

### *Second Affirmative Defense*

10. The maximum liability of defendants, if any, is $500 per package or per customary freight unit as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. Section 1304(5).

### *Third Affirmative Defense*

11. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(o) and (n), and by the terms of the contract of carriage.

### *Fourth Affirmative Defense*

12. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m), and by the terms of the contract of carriage.

### *Fifth Affirmative Defense*

13. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and by the terms of the contract of carriage.

*Sixth Affirmative Defense*

14. That Plaintiff has failed to state a cause of action in its Complaint.

*Seventh Affirmative Defense*

15. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

*Eighth Affirmative Defense*

16. Plaintiff is not a real party in interest with regard to the shipment in suit.

*Ninth Affirmative Defense*

17. That if Plaintiff's cargo suffered any loss or damage, which Defendants deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

*Tenth Affirmative Defense*

18. Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

*Eleventh Affirmative Defense*

19. The Court lacks *in rem* jurisdiction over defendant vessel.

*Twelfth Affirmative Defense*

20. Plaintiff has failed to properly and fully mitigate its damages in the Complaint.

*Thirteenth Affirmative Defense*

21. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

*Fourteenth Affirmative Defense*

22. That the goods in the suit were damaged as a result of an Act of God, and/or peril, danger or accident of the sea which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(d) and (c) and by the terms of the contract of carriage.

*Fifteenth Affirmative Defense*

23. That defendant ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC. was at all times acting as the agent for a disclosed principle.

*Sixteenth Affirmative Defense*

24. That defendants ZIM CONTAINER SERVICE and ZIM LINES are trade names.

WHEREFORE, Defendant, Zim Integrated Shipping Services, Ltd., demands judgment dismissing the Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated: New York, New York
       July 11, 2008

DEORCHIS & PARTNERS, LLP
Attorneys for Defendant

By: /s/ *Vincent M. DeOrchis*
    Vincent M. DeOrchis, Esq. (VMD-6515)
    61 Broadway, 26th Floor
    New York, New York 10006-2802
    (212) 344-4700
    Our File: 1236-710

T O :  LAW OFFICES OF DAVID L. MAZAROLI
       Attorney for Plaintiff
       11 Park Place – Suite 1214
       New York, New York  10007
       (212) 267-8480
       Attn:  David L. Mazaroli
       File No.: 8G-1653

W:\1236-710\Legals\Answer, 7.8.08 jw.doc

7